UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERRY TANNER and ROSALINDA TANNER,

    Plaintiffs,

v.                                                Case No:   6:19-cv-585-Orl-37TBS

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Better Answers to Interrogatories, Responses to Request to Produce and Motion to Overrule Defendant's Objections to Plaintiffs' Discovery and for In Camera Inspection (Doc. 3). The motion was filed in state court and, upon removal of the case, is now pending here.

The motion fails to comply with federal and local rules.[1] Pursuant to Rule 26(d), FED. R. CIV. P., a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). See also Local Rule 3.05(c)(2) (requiring a case management meeting prior to any discovery). It does not appear that the parties have had their case management meeting and no case management report has been filed.

It also appears that much, if not most of the discovery sought should be contained in Defendant's Rule 26 initial disclosures, which shall be made promptly following the case management meeting. Rule 26(a)(1). So, the motion is premature.[2]

---

[1] Given that the motion was filed in state court when the case was pending there, this is understandable and is not a basis to deny relief on the merits.

[2] The motion does not comply with Local Rule 3.01(g) (in that no real conversation has occurred

Defendant has not filed a response to the motion. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Company, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of America, N.A., 564 F. App'x 432, 434 (11th Cir. 2014) (citing Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed). In this case the Court could rightly assume that Defendant has no objection to the granting of the motion to compel.

On the merits, Defendant's discovery responses leave much to be desired. The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). And a party objecting to a request for production must: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2). As the court in Liguria Foods, Inc. v. Griffith Laboratories, Inc., 320 F.R.D. 168, 184 (N.D. Iowa 2017) observed, "'[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.'" So-called "'generalized objections are inadequate and tantamount to not making any objection at all.'" Id. at 185 (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. at 916).

The rules leave no place for generalized, non-specific, boilerplate objections of the sort interposed by Defendant. "Objections which state that a discovery request is 'vague,

---

between counsel) and it does not satisfy Local Rule 3.04(a), as the answers to interrogatories have not been provided.

overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit …." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)). So for example, Defendant's general objections are a useless waste of time.

In some instances Defendant said it will produce documents subject to its objections. Producing documents "subject to," or "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-CV-749-ORL-41, 2015 WL 1470971 at *4 (M.D. Fla. Mar. 31, 2015), quoting Martin v. Zale Del., Inc., 2008 WL 5255555, *2 (M.D. Fla. Dec.25, 2008); Creative Touch Interiors, Inc. v. Nicholson, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015); Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013); Pepperwood of Naples Condominium Ass'n., Inc. v. Nationwide Mutual Fire Ins. Co., No. 2:10-cv-753-FtM-36SPC, 2011 WL 3841557, at *2 (M.D.Fla. Aug.29, 2011); Hendricks v. Mirabilis Ventures, Inc., No. 8:07-cv-661-T-17EAJ, 2008 WL 423566, at *1 (M.D. Fla. Feb. 13, 2008); Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D.Fla.2008); Howard v. Sweetheart Cup Co., No. 00 C 648, 2001 WL 721765, at *3 (N.D. Ill. June 27, 2001).

The party asserting a privilege has the burden of establishing its application to each document. See Rep. of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013); United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991) ("The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential," citing In re Grand Jury Proceedings in Matter of Freeman, 708 F.2d 1571, 1575 (11th Cir.1983)); In

re Grand Jury Subpoena, 831 F.2d 225, 227 (11th Cir. 1987) (held: "an attorney seeking to quash a subpoena must assert the attorney-client privilege on a document-by-document basis."). "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). Defendant's privilege log (Doc. 1-5 at 136-137) does not satisfy these requirements. The blanket assertion of attorney-client privilege and the work product doctrine as to "various" documents is, alone, not enough to shield them from discovery. To the extent Defendant wishes to claim privilege, it must provide a more detailed log, or the Court will deem the privilege waived.

Now, Plaintiff's motion is **denied, without prejudice.** The parties are **directed** to meet without delay for the purpose of preparing the Case Management Report and shall promptly file same. Should any discovery dispute remain following the exchange of the required initial disclosures, a motion to compel which fully complies with the federal and local rules may be filed. As additional guidance, the parties are advised that when the Court grants a motion to compel, or if the discovery is provided after the motion is filed, the moving party is entitled to recover its reasonable expenses in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). This Court routinely awards fees and costs to the prevailing party in discovery disputes.

      **DONE** and **ORDERED** in Orlando, Florida on April 11, 2019.

                                                              THOMAS B. SMITH
                                                              United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties